| | | |
|---|---|---|
| COREY ADAMS<br>1510 Deepwater Road<br>Woolford, MD 21677 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff, | * | FOR |
| | * | DORCHESTER |
| v. | * | COUNTY |
| TIMMY MORRIS<br>1606 Marina Drive<br>Trappe, MD 21673<br>(Individually and in his capacity<br>as agent/owner of<br>T.L. Morris Seafood, Inc.) | * | Case No. C08-1637 |
| Co-Defendant, | * | |
| T. L. MORRIS SEAFOOD, INC.<br>318 Willis Street<br>Cambridge, MD 21613 | | |
| Co-Defendant. | * | |

Case No. 1:08cv2404

FILED ___ ENTERED ___
___ LODGED ___ RECEIVED

SEP 1 5 2008

Serve on:

Corporation Trust Inc.
Resident Agent
300 East Lombard Street
Baltimore, Maryland 21202

* * * * * * * * * * * * *

## COMPLAINT, NOTICE TO PLEAD AND PRAYER FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Corey Adams (hereinafter "Adams") Plaintiff, by and through his attorney, John E. Coppock Jr. and Brian S. Jablon hereby sues Timmy Morris (hereinafter "Morris") (individually and in his capacity as agent/owner of T. L. Morris Seafood, Inc.) and T. L.

Morris Seafood, Inc., (hereinafter "Morris Seafood") the Defendants, and in support of his claim, states as follows:

## PREAMBLE

1. That the Plaintiff Corey Adams is a resident of Dorchester County, Maryland.

2. That the Defendant, Timmy Morris is a resident of Talbot County, Maryland.

3. That the Defendant, T. L. Morris Seafood, Inc. is incorporated in Maryland and whose primary place of business is Cambridge, Maryland.

4. That acts or omissions of each of the defendants are the basis for this Complaint.

## STATEMENT OF FACTS

5. Plaintiff sought employment during the spring/summer of 2007 so that he would have spending money and the ability to contribute to his auto insurance payment.

6. Plaintiff was hired by Defendant Morris to work at his seafood operation in Cambridge, Maryland. .

7. His duties at the seafood operation included offloading crabs from the boats, cleaning and sorting crabs, stacking inventory in cold storage and loading trucks.

8. Shortly after starting his job at the seafood operation Plaintiff was confronted with numerous inappropriate verbal and physical advances from the Defendant, Timmy Morris.

9. Specifically, these advances included being asked by the Defendant about Plaintiff's penis size, being fondled on the buttocks and the genitals and being offered money for performing sexual acts.

10. These inappropriate verbal and physical advances made by the Defendant

Morris were witnessed by numerous individuals.

11.  During Plaintiff's term of employment with the T. L. Morris Seafood, Inc., the Defendant, either participated in, ignored, condoned and/or attempted to cover up, threatening, physically abusive and sexually deviant, discriminatory behavior which is constitutionally prohibited by the XIV Amendment of the Constitution of the United States, Title VII, the Civil Rights Act of 1964 and state adaptations of equal protection laws for the workplace which are intended to prevent such reprehensible, intimidating, degrading workplace environments.

12.  That during Plaintiff's term of employment, T. L. Morris Seafood, Inc., at all levels of management, either knew or should have known that Defendant, Timmy Morris was engaging in, participating in, ignoring, condoning and/or attempting to cover up, this threatening, physically abusive and sexually deviant, discriminatory behavior and as such should be held liable for the trauma and harm visited upon the Plaintiff.

13.  More specifically, Maryland has adopted a state version of Title VII which applies to the facts in this case. The Maryland statute is Article 49B and confers jurisdiction for this type of complaint on the Circuit Courts.

## COUNT ONE

### ASSAULT

### ADAMS v. MORRIS & T. L. SEAFOOD, INC.

**NOW COMES** the Plaintiff, Cory Adams, and hereby sues the Defendants, Timmy Morris (individually and in his capacity as agent/owner of T. L. Morris Seafood, Inc.), and T. L. Morris Seafood, Inc., and realleges and incorporates by reference all of those facts and allegations set forth above as if fully set forth herein and further alleges:

14. That the Plaintiff Cory Adams is a resident of Dorchester County, Maryland.

15. That the Defendant, Timmy Morris is a resident of Talbot County, Maryland.

16. That the Defendant, T. L. Morris Seafood, Inc. is incorporated in Maryland and whose primary place of business is Cambridge, Maryland.

17. Commencing on or about April 1, 2007 and continuing through June 26, 2007 Plaintiff was employed by Timmy Morris in Cambridge, Maryland at T. L. Morris Seafood, Inc., a seafood operation owned by Defendant Morris.

18. During the same times and at the same place that Defendant Morris was running T. L. Seafood, Inc., he was acting within his capacity as agent/owner and within the scope of the duties and responsibilities of agent/owner of T. L. Seafood, Inc.

19. On several occasions Defendant Morris intentionally threatened bodily harm to Plaintiff Adams when confronting Adams on the premises of T. L. Seafood, Inc.

20. On those occasions, Plaintiff, fearing that he would be injured by Defendant Morris, attempted to run from the area.

21. Defendant Morris acted with the intent and capability to do bodily harm to Plaintiff. His conduct was perpetrated with actual and/or implied malice.

22. Defendant Morris's actions caused Plaintiff to be put in reasonable apprehension of an imminent battery.

**WHEREFORE**, Plaintiff, Cory Adams, demands judgment against Defendants Timmy Morris and the T. L. Seafood, Inc., as respondeat superior, for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Ten Million Dollars ($10,000,000.00) in punitive damages, jointly and severally, with interests and costs.

## COUNT TWO

## BATTERY

## ADAMS v. MORRIS & T. L. SEAFOOD, INC.

**NOW COMES** the Plaintiff, Cory Adams, and hereby sues the Defendants, Timmy Morris (individually and in his capacity as agent/owner of T. L. Morris Seafood, Inc.), and T. L. Morris Seafood, Inc., and realleges and incorporates by reference all of those facts and allegations set forth above as if fully set forth herein and further alleges:

23. That the Plaintiff Cory Adams is a resident of Dorchester County, Maryland.

24. That the Defendant, Timmy Morris is a resident of Talbot County, Maryland.

25. That the Defendant, T. L. Morris Seafood, Inc. is incorporated in Maryland and whose primary place of business is Cambridge, Maryland.

26. Commencing on or about April 1, 2007 and continuing through June 26, 2007 Plaintiff was employed by Timmy Morris in Cambridge, Maryland at T. L. Morris Seafood, Inc., a seafood operation owned by Defendant Morris.

27. During the same times and at the same place that Defendant Morris was operating T. L. Morris Seafood, Inc, he was acting within his capacity as agent/owner and within the scope of his employment as the owner/operator of T. L. Seafood, Inc.

28. On several occasions, within the confines of T. L. Seafood, Inc. Defendant Morris touched the body of the Plaintiff in a way that was not only harmful but offensive.

29. Defendant Morris's conduct constituted an intentional, non-consensual touching of Plaintiff Adams by Defendant Morris and was undertaken with deliberation and with actual and/or implied malice.

30. As a result of Defendant Morris's conduct, Plaintiff Adams suffered substantial damages, including, but not limited to, humiliation, mental distress, and monetary loss.

**WHEREFORE**, Plaintiff, Cory Adams, demands judgment against Defendants Timmy Morris and the T. L. Seafood, Inc., as respondeat superior, for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Ten Million Dollars ($10,000,000.00) in punitive damages, jointly and severally, with interests and costs.

## COUNT THREE

## FALSE IMPRISONMENT

## ADAMS v. MORRIS & T. L. SEAFOOD, INC.

**NOW COMES** the Plaintiff, Cory Adams, and hereby sues the Defendants, Timmy Morris (individually and in his capacity as agent/owner of T. L. Morris Seafood, Inc.), and T. L. Morris Seafood, Inc., and realleges and incorporates by reference all of those facts and allegations set forth above as if fully set forth herein and further alleges:

31. That the Plaintiff Cory Adams is a resident of Dorchester County, Maryland.

32. That the Defendant, Timmy Morris is a resident of Talbot County, Maryland.

33. That the Defendant, T. L. Morris Seafood, Inc. is incorporated in Maryland and whose primary place of business is Cambridge, Maryland.

34. Commencing on or about April 1, 2007 and continuing through June 26, 2007 Plaintiff was employed by Timmy Morris in Cambridge, Maryland at T. L. Morris Seafood, Inc., a seafood operation owned by Defendant Morris.

35. During the same times and at the same place that Defendant Morris was operating T. L. Morris Seafood, Inc., he was acting within his capacity as agent/owner and within the scope of his responsibilities as owner/operator of T. L. Seafood, Inc.

36. On several occasions, on the property of T. L. Seafood, Inc., Defendant Morris intentionally isolated Plaintiff Adams, thereby restraining him from leaving the area.

37. More specifically, Defendant Morris cornered Plaintiff Adams in the large walk-in refrigerator and would not permit Plaintiff Adams to leave unless he allowed Defendant Morris to fondle him.

38. Such action by Defendant Morris caused the Plaintiff, Adams, to be unlawfully deprived of his liberty to leave the walk-in refrigerator area.

39. Plaintiff Adams was conscious of the confinement, did not consent to the confinement, the confinement was caused by force and threats, and Plaintiff Adams was detained against his will for at least 15 minutes.

40. As a result of the actions by Defendant Morris, Plaintiff Adams suffered damages from the emotional trauma, humiliation and sexual abuse by being unlawfully held against his will for an extended period of time.

**WHEREFORE**, Plaintiff, Cory Adams, demands judgment against Defendants Timmy Morris and the T. L. Seafood, Inc., as respondeat superior, for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Ten Million Dollars ($10,000,000.00) in punitive damages, jointly and severally, with interests and costs.

## COUNT FOUR

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### ADAMS v. MORRIS & T. L. SEAFOOD, INC.

**NOW COMES** the Plaintiff, Cory Adams, and hereby sues the Defendants, Timmy Morris (individually and in his capacity as agent/owner of T. L. Morris Seafood, Inc.), and T. L. Morris Seafood, Inc., and realleges and incorporates by reference all of those facts and

allegations set forth above as if fully set forth herein and further alleges:

41. That the Plaintiff Cory Adams is a resident of Dorchester County, Maryland.

42. That the Defendant, Timmy Morris is a resident of Talbot County, Maryland.

43. That the Defendant, T. L. Morris Seafood, Inc. is incorporated in Maryland and whose primary place of business is Cambridge, Maryland.

44. Commencing on or about April 1, 2007 and continuing through June 26, 2007 Plaintiff was employed by Timmy Morris in Cambridge, Maryland at T. L. Morris Seafood, Inc., a seafood operation owned by Defendant Morris.

45. During the same times and at the same place that Defendant Morris was operating T. L. Morris Seafood, Inc., he was acting within his capacity as agent/owner and within the scope of his responsibilities as owner/operator of T. L. Seafood, Inc.

46. On several occasions and in various locations on the premises of T. L. Seafood, Inc., while working for the Defendant, Plaintiff Adams was sexually assaulted verbally and physically by Defendant Morris thereby creating a hostile work environment.

47. The physical abuse was accompanied by unwelcome sexual advances and requests for sexual favors.

48. Defendant Morris's conduct was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would be the result of such behavior.

49. The aforesaid conduct of Defendant Morris was extreme and outrageous and beyond the bounds of decency in society.

50. The conduct of the Defendants was malicious, willful, and intentional.

51. As a result of the aforesaid conduct and actions, Plaintiff Adams has suffered,

and will continue to suffer, severe and extreme emotional distress.

**WHEREFORE**, Plaintiff, Cory Adams, demands judgment against Defendants Timmy Morris and the T. L. Seafood, Inc., as respondeat superior, for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Ten Million Dollars ($10,000,000.00) in punitive damages, jointly and severally, with interests and costs.

**COUNT FIVE**

**RESPONDEAT SUPERIOR**

**ADAMS v. MORRIS & T. L. SEAFOOD, INC.**

**NOW COMES** the Plaintiff, Cory Adams, and hereby sues the Defendants, Timmy Morris (individually and in his capacity as agent/owner of T. L. Morris Seafood, Inc.), and T. L. Morris Seafood, Inc., and realleges and incorporates by reference all of those facts and allegations set forth above as if fully set forth herein and further alleges:

52. That the Plaintiff Cory Adams is a resident of Dorchester County, Maryland.

53. That the Defendant, Timmy Morris is a resident of Talbot County, Maryland.

54. That the Defendant, T. L. Morris Seafood, Inc. is incorporated in Maryland and whose primary place of business is Cambridge, Maryland.

55. Commencing on or about April 1, 2007 and continuing through June 26, 2007 Plaintiff was employed by Timmy Morris in Cambridge, Maryland at T. L. Morris Seafood, Inc., a seafood operation owned by Defendant Morris.

56. At all times relevant hereto, Defendant Morris was acting as an owner/agent of the Defendant, T.L. Morris Seafood Inc. on the premises owned and/or leased by T.L. Morris Seafood, Inc in Cambridge, Maryland.

57. The acts committed by Defendant Morris, which include sexual assault, sexual

battery, false imprisonment, and intentional infliction of emotional distress caused physical, emotional and monetary injury and damage to the Plaintiff which he suffers from presently and will continue to suffer from due to the traumatic nature of the events.

58. The willfully intentional and maligned acts of Defendant Morris were all committed while acting as owner of T.L. Morris Seafood Inc. and within the scope of his employment as owner at the above stated location.

59. T.L. Morris Seafood Inc. was put on notice of these acts by Defendant Morris, yet failed to take steps to prevent harm to Plaintiff Adams.

**WHEREFORE**, Plaintiff, Adams, demands judgment against the T.L. Morris Seafood Inc. as principle, for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Ten Million Dollars ($10,000,000.00) in punitive damages, jointly and severally, with interests and costs.

## COUNT SIX

## SEXUAL HARASSMENT

## ADAMS v. MORRIS & T. L. SEAFOOD, INC.

**NOW COMES** the Plaintiff, Adams, and sues the Defendants, Timmy Morris and T.L. Morris Seafood Inc. and realleges and incorporates by reference all of those facts and allegations set forth above as if fully set forth herein and further alleges:

60. That the Plaintiff Cory Adams is a resident of Dorchester County, Maryland.

61. That the Defendant, Timmy Morris is a resident of Talbot County, Maryland.

62. That the Defendant, T. L. Morris Seafood, Inc. is incorporated in Maryland and whose primary place of business is Cambridge, Maryland.

63. At all times relevant hereto, Timmy Morris was owner/operator and acting as

an agent of the Defendant, T.L. Morris Seafood Inc. on the premises owned and/or leased by T.L. Morris Seafood Inc. in Cambridge, Maryland and that T.L. Morris Seafood Inc. at all times relevant hereto, possessed the power and authority to discipline and/or terminate Defendant Morris, yet failed to do so.

64. At all times relevant hereto, Defendant, T.L. Morris Seafood Inc., knew or should have known of the complaints lodged against Defendant Morris for his conduct, yet failed to take any action to prevent the creation of a hostile work environment for Adams.

65. In fact, Defendant Morris had a criminal complaint filed against him for the conduct complained of in this complaint to which he plead guilty. Further, as a condition of his probation Defendant Morris is prohibited from hiring anyone under the age of eighteen (18) years of age.

66. It is specifically alleged that the offensive conduct of the Defendant(s) is willful and intentionally discriminatory.

67. The acts of Defendant Morris were completely based on the fact that Adams was a young male. The conduct in question was unwelcome and occurred with regularity.

69. The harassing behavior of Defendant Morris was sufficiently pervasive and/or severe to create a hostile working environment. Defendant Morris, acting as owner and/or operator of T.L. Morris Seafood inc. knew or should have known that such conduct was ongoing, yet took no steps to eliminate the conduct in order to properly protect Adams.

70. The unwelcome behavior of Defendant Morris, directed at Adams, had the purpose and/or effect of creating a hostile work environment where Adams was left with no option but to terminate his employment with the Defendant.

71. By ignoring the employee complaints against Defendant Morris, the criminal

charges filed against him which resulted in a conviction, the previous history of sexual harassment rise to the level of behavior that is extreme and outrageous.

**WHEREFORE**, Plaintiff, Corey Adams, in accordance with the protections afforded by the XIV Amendment of the Constitution of the United States, Title VII, the Civil Rights Act of 1964, and state adaptations of equal protection statutes for the workplace, hereby demands judgment against Defendants Timmy Morris and T.L. Morris Seafood Inc., under the theory of respondeat superior, for the sum of One Million Dollars ($1,000,000.00) in compensatory damages and Ten Million Dollars ($10,000,000.00) in punitive damages, jointly and severally, with interests and costs.

BY: _____
John E. Coppock Jr. & Brian S. Jablon
P.O Box 9427
Baltimore, MD 21228
(410) 459-2303

**Attorneys for Plaintiff**

## NOTICE TO PLEAD

**TO THE DEFENDANTS:**

**TAKE NOTICE,** that you will be required to answer this Complaint within the time allowed by law or judgment by default may be entered against you.

John E. Coppock Jr.,

## PRAYER FOR A JURY TRIAL

**THE PLAINTIFF,** Cory Adams, hereby requests a trial by jury.

John E. Coppock Jr.